UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

ROODY POSY,

Defendant.

12-CR-104-1

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 15, 2012, defendant Roody Posy pleaded guilty to Count One of a two-count indictment, which charged that on January 11, 2012 defendant imported cocaine into the United States in violation of 21 U.S.C. §§ 852(a), 960(a)(1), and 960(b)(3). After arriving at John F. Kennedy Airport on a commercial flight that originated in Georgetown, Guyana, he was found with nearly four kilograms of cocaine in his suitcase.

Posy was sentenced on April 16, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-one and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. The calculation of the total offense level included a four-point adjustment for the defendant's minor role in the offense, a three-point adjustment for his acceptance of responsibility, and a two-point "safety valve" adjustment. The offense carried a maximum term of imprisonment of twenty years and a maximum fine of $1,000,000. 21 U.S.C. § 960(b)(3). The guidelines range of fine was from $10,000 to $1,000,000. Guidelines 5E1.2(c)(3) and (c)(4). Count Two of the underlying indictment was dismissed by the court.

Posy was sentenced to a term of incarceration of six months to be followed by three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Posy was a minor player in a larger narcotics distribution conspiracy—his role was only that of courier. Unemployed and living on a relative's couch, defendant was offered more than $10,000 to transport cocaine from Guyana to the United States. This is a serious offense. Economic need is no excuse for engaging in criminal conduct.

Defendant, now 27 years-old, was born into abject poverty in Haiti. He moved to this country at the age of three and attained United States citizenship. His father was physically and emotionally abusive throughout his childhood. Defendant and his two siblings—a brother who now resides in Georgia and a sister who now resides in New York—were removed from the care of their parents for a year during their childhood.

The defendant is married but legally separated from his wife. They have two children, a six year-old son and a three year-old daughter. He is permitted periodic visits with his children and expresses an interest in increasing his relationship with them. He previously worked in video production for a preacher in Georgia but has been out of work since his arrest. Sentencing on the instance offense was delayed because defendant recently underwent treatment for a benign tumor found near his brain. He remains cancer-free.

Under section 3553(a)(2)(B), there are two major considerations: general and specific deterrence. General deterrence is satisfied by the sentence imposed; it sends a clear message that importing drugs into the United States will result in the stain of a federal criminal conviction and a period of incarceration. Specific deterrence has been substantially achieved. Defendant has

3

expressed genuine remorse for his conduct and understands the gravity of his actions. It is unlikely defendant will engage in further criminal activity in light of his strong desire to better his relationship with his children and his acceptance of responsibility.

Defendant shall self-surrender by June 17, 2013 to the place designated for incarceration by the Bureau of Prisons. Incarceration at the Federal Correctional Institution in Otisville, New York or in Fort Dix, New Jersey is recommended.

Jack B. Weinstein
Senior United States District Judge

Dated: April 17, 2013
Brooklyn, New York